REQUESTED BY: Loyd W. Strope Holt County Attorney
Do the sentence reductions provisions of Neb.Rev.Stat. § 47-502 (Reissue 1984) apply to persons sentenced to probation?
No.
You have inquired whether the sentence reduction provisions of Neb.Rev.Stat. § 47-502 (Reissue 1984) are applicable to persons sentenced to probation, but whose conditions of probation include periods of incarceration in a local jail facility. Section 47-502 states in pertinent part: `Any person sentenced to a city or county jail shall have his or her term reduced. . . .'
Neb.Rev.Stat. § 29-2246 (Reissue 1979) defines the term `probation' as follows:
 Probation shall mean a sentence under which a person found guilty of a crime upon verdict or plea, . . . is released by a court subject to conditions imposed by the court and subject to supervision.
Neb.Rev.Stat. § 29-2262 (Reissue 1979) states in pertinent part:
 (1) When a court sentences an offender to probation, it shall attach such reasonable conditions as it deems necessary or likely to insure that the offender will lead a law-abiding life.
 (2) The court, as a condition of its sentence, may require the offender:
. . .
 (b) To be confined periodically in the county jail or to return to custody after specified hours, but not to exceed ninety days;
(Emphasis added.)
In our opinion, the sentence reduction provisions of 47-502
are applicable only to persons sentenced to a jail. Under the statutes of this state, probationers are not sentenced to jail but are sentenced to probation. Any incarceration ordered pursuant to § 29-2262(2)(b) is a `condition of probation' and not a sentence to a city or county jail as contemplated by § 47-502. Therefore, persons whose sentence of probation might include periods of incarceration pursuant to § 29-2262(2)(b) are not entitled to the sentence reduction provisions of § 47-502.
Yours truly,
PAUL L. DOUGLAS Attorney General
J. Kirk Brown Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General